UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DARREN DEWAYNE NICKLES          CIVIL ACTION NO. 13-cv-2380

VERSUS                          JUDGE HICKS

NATHAN CAIN                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

A Caddo Parish jury convicted Darren Dewayne Nickles ("Petitioner") of distribution of cocaine, and he received a 40-year sentence as an habitual offender.  His conviction and sentence (with some modification) were affirmed on appeal.  State v. Nickles, 60 So.3d 728 (La. App. 2d Cir. 2011), writ denied, 75 So.3d 450 (La.).  Petitioner then filed a post-conviction application in state court and raised several issues that he now presents in his federal habeas corpus petition.  For the reasons that follow, it is recommended that the petition be denied.

### Sufficiency of the Evidence

#### A.  The Evidence

Members of the Shreveport Police Department conducted a buy-bust operation in January 2009 to arrest drug dealers.  Cpl. Steve McKenna testified that he was driving an unmarked car, with two other undercover officers as passengers, when they approached a home near the corner of 77th Street and Linwood in the Cedar Grove neighborhood.

McKenna said the residence was known for open drug sales.  The officers stopped in the middle of the street in front of the house.  Petitioner approached and told the officers that they could not block the driveway, and then he quickly asked McKenna what they were looking for.  McKenna replied that he was looking for some "hard," which is a street term for crack cocaine.  The men then did a hand-to-hand exchange of a twenty dollar bill in return for .2 grams of crack cocaine.  McKenna gave a verbal signal, and an arrest team moved in and arrested Petitioner.  The twenty dollar bill, which McKenna had made a copy of before the transaction, was recovered from Petitioner.

McKenna testified that his car was equipped with audio and video recording devices. He identified a recording of the drug transaction.  It was played for the jury.  Tr. 148-64.  The two other officers who were in the car, Ann Ferguson and Terry Sanders, testified and corroborated McKenna's description of the transaction.   All three officers identified Petitioner in the courtroom as the person who sold them the crack cocaine.  Tr. 172-75, 184-98.

Alanna Brauer testified as the forensic chemist from the crime lab who tested the substance that the officers purchased from Petitioner.  She testified that the substance "was determined to be cocaine."  She said she was confident in that conclusion, and there was no cross examination or evidence that challenged her finding.  Tr. 176-82.


**B. State Court Decisions; Federal Review**

The jury returned a verdict of guilty of distribution of crack cocaine in violation of La. R.S. 40:967(A)(1).  Tr. 5, 228.  In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979).

Petitioner first raised the sufficiency of the evidence in his post-conviction application.  Judge Marcotte addressed all claims in the application by stating that the application was "repetitive as well as does not state a factual basis upon which relief can be granted with all remaining allegations being without merit."  Tr. 473.  The state appellate court wrote: "On the showing made, the writ is denied."  Tr. 573.  The Supreme Court of Louisiana denied writs without comment.  Tr. 750.

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).  Thus a state-court decision rejecting a sufficiency challenge is reviewed under a doubly deferential standard.  It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential Jackson standard.  Parker v. Matthews,132 S.Ct. 2148, 2152 (2012); Harrell v. Cain, 595 Fed. Appx. 439 (5th Cir. 2015).

None of the state courts offered any reasoned explanation of a single one of Petitioner's claims.  But "Section 2254(d) applies even where there has been a summary denial."  Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011).  A petitioner who challenges a state court's summary denial may meet his burden under the first prong of Section 2254(d) only by showing that there was "no reasonable basis" for the state court's decision.  The federal habeas court must determine what arguments or theories could have supported the summary decision, and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  Pinholster, 131 S.Ct. at 1402, citing Harrington v. Richter, 131 S.Ct. 770, 786 (2011).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Richter, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).

### C. Analysis of Claims

Petitioner first argues that the State's production of a photocopy of the twenty dollar bill was insufficient to prove that Petitioner was ever in possession of the bill.  He argues that there should have been signed receipts and additional documentation.  However, the testimony of the officers and the photocopy were more than adequate for a reasonable juror to find that Petitioner accepted the currency in exchange for drugs.

Petitioner argues that the evidence is inconsistent, but his only example is the testimony of Officer McKenna who identified Petitioner in the courtroom by stating (according to the transcript) that he "is the white male wearing a blue short-sleeve shirt with

a white undershirt." Tr. 164.  Petitioner represents that he is an African-American.  This is quite possibly a mistake in the transcript, since the prosecutor then stated that the record should reflect that McKenna had identified Petitioner, and there was no objection or cross examination on that point from defense counsel.  Furthermore, Officers Ferguson and Sanders, who were present at the buy, identified Petitioner as the man "sitting in front of me in the blue T-shirt" and the man "in the blue shirt beside defense counsel." Tr. 173, 187. There was ample evidence from which a reasonable juror could find that Petitioner was the man who distributed cocaine, and this court cannot say that the state court's rejection of this issue was an objectively unreasonable application of Jackson to the facts.

Finally, Petitioner argues that the small amount of cocaine at issue, which McKenna testified was enough for only one or two rocks, may show that Petitioner is a user but is not enough to show that he was a street level dealer.  This is not a case where Petitioner was merely arrested in possession of drugs and charged with possession with the *intent* to distribute.  He was charged in this case with *actual* distribution, and that fact was proved. It does not matter that the amount he distributed might have been suitable for personal use. State v. Boles, 763 So.2d 74, 78 (La. App. 4th Cir. 2000)(rock of cocaine was sold for $20.00; quantity of cocaine was irrelevant to conviction for distribution).  The state court's rejection of the sufficiency of the evidence claims was proper.

**Ineffective Assistance of Counsel**

**A.  Introduction; Applicable Standard**

Petitioner argues that his trial counsel were ineffective for a number of reasons.  To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different.  Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold.  Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007).  The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it.  The federal court's review is thus "doubly deferential."  Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be."  Harrington v. Richter, 131 S.Ct. 770, 786 (2011).  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system.  Id.  Thus, "even a strong case for relief  does not mean the state court's contrary conclusion was unreasonable."  Id.

## B.  No Motion to Suppress Recording

Petitioner argues that counsel should have moved to suppress the video and audio recording of the transaction on the grounds that it violated La. R.S. 15:1307, which provides

that intercepted wire or oral communication may not be used as evidence at a trial if the disclosure of the information would be in violation of the chapter in which the statute is found.  Petitioner argues that police did not have proper authority to record the transaction.

Where defense counsel is faulted as ineffective for not filing a motion to suppress, the defendant must prove that his suppression argument is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.  Kimmelman v. Morrison, 106 S.Ct. 2574, 2583 (1986); Shed v. Thompson, 2007 WL 2711022, *5 (W.D. La. 2007).

Another statute in the chapter provides that it "shall not be unlawful under this Chapter for a person acting under color of law to intercept a wire, electronic, or oral communication, where such person is a party to the communication ... ." La. R.S. 15:1303(C)(3).  Agent McKenna was a person acting under color of law who was a party to the communications at issue, so the recording was lawful under the chapter, and there was no basis for counsel to have filed a meritorious motion to suppress.

### C.  No Entrapment Defense

Petitioner argues that counsel were ineffective because they did not assert a defense of entrapment.  Louisiana law provides that entrapment is an affirmative defense that requires the accused to prove by a preponderance of the evidence that the police officer implanted the criminal idea in the mind of an innocent person to induce the commission of a crime that would not otherwise be committed.  The defense does not apply when the officer merely

Page 7 of  13

furnishes the accused with an opportunity to commit a crime to which the accused is predisposed. State v. Broome, 136 So.3d 979, 990 n. 1 (La. App. 2d Cir. 2014), citing State v. Brand, 520 So.2d 114 (La. 1988).

There was simply no factual basis for counsel to have asserted a meritorious or even plausible entrapment defense.  The police officers did nothing but drive up and answer Petitioner's question of what they were looking for by saying some "hard."  Petitioner then sold them drugs without further conversation.  Petitioner was obviously predisposed to sell the drugs.  The state court was correct to reject this claim of ineffective assistance.

### D.  No Objection to Hearsay

Officer McKenna testified that he purchased crack cocaine from Petitioner, and he identified the substance in court as crack cocaine.  The prosecutor asked McKenna on direct if he field tested the drugs or was aware of any results of crime lab testing.  McKenna stated that there was no field test, to his knowledge, and he was not aware of the results of the crime lab test.  Tr. 159.

Petitioner argues that counsel were ineffective for allowing McKenna to testify that he purchased crack cocaine when McKenna had no solid factual basis for that conclusion. To the extent that counsel might have raised such an objection, there was no harm.  Even if such an objection were raised, McKenna could have identified the material that he purchased from Petitioner and later seized.  Ms. Brauer from the crime lab gave uncontested testimony that the material was cocaine.  No possible prejudice stemmed from the lack of objection, so the state court was correct to reject this claim.

**Ineffective Assistance on Appeal**

Petitioner was represented by different counsel on appeal.  She challenged an allegedly improper closing argument by the prosecution and the length of the sentence. Petitioner filed a pro se brief and argued that he was denied the right to counsel of his choice. These arguments were all rejected, but the appellate court did modify the sentence by ordering that it be without benefit of parole for only the first two years.

Petitioner argues that appellate counsel was ineffective because she did not raise other issues.  He argues that competent counsel would have "expose[d] the fact that the evidence was insufficient," showed that the case was nothing more than a possession of cocaine matter, and advocated the entrapment defense.

Effective assistance of appellate counsel does not require counsel to raise every non-frivolous ground of appeal available.  It requires only that counsel perform in a reasonably effective manner.  Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998), citing Evitts v. Lucey, 105 S.Ct. 830 (1985).  When a petitioner claims that counsel omitted an issue that should have been argued, the petitioner must show that had the issue been raised there was a reasonable probability that he would have won on appeal.  Smith v. Robbins, 120 S.Ct. 746, 764 (2000); Moreno v. Dretke, 450 F.3d 158, 168 (5th Cir. 2006).

None of the issues urged by Petitioner would have been good grounds for appellate argument.  There was no basis for a plausible attack on the sufficiency of the evidence, nor were there facts to support an entrapment defense.  And the small quantity of drugs at issue

cannot convert an actual distribution of drugs to a mere possession.  The state courts were correct to reject this claim.

**Multiple Offender Adjudication**

### A.  Sufficiency of Evidence

Petitioner argues that the trial court erred in adjudicating him a fourth-felony offender "using un-certified documents which failed in authentication" by a proper custodian of the records as provided in La. R.S. 15:529.1(F).  The transcript shows that the prosecutor admitted without objection copies of the bills of information from three prior felony convictions in Caddo Parish.  Deputy Owen McDonnell testified that each of them was a certified copy, true and attest copy, and/or had a raised seal.  He compared the fingerprints of the defendants in those prior cases with those he took from Petitioner before the hearing, and he testified that Petitioner was the same person convicted of all three prior crimes. Defense counsel offered no challenge to the evidence.  The judge found that Petitioner was a fourth-felony offender.  Tr. 238-51.

Petitioner apparently challenges the admission of the records without testimony from the Clerk of Court as the custodian of the records.  Testimony from the clerk, as described in the statute cited by Petitioner, is one method of proving a prior conviction.  "However, La. R.S. 15:529.1(F) is not the exclusive method of proving a prior felony conviction; any other competent evidence may be used to establish such proof."  State v. Moten, 510 So.2d 55,  63 (La. App. 1st Cir. 1987).  Deputy McDonnell testified that each of the copies of the conviction records, each of which was from Caddo Parish, were certified in one form or

another by the clerk of court, and there was no objection from the defense that any of the conviction records was not an authentic copy.  The state court was correct to reject this challenge to the sufficiency of the evidence.

### B.  Jury Requirement

Petitioner represents that his conviction of distribution of cocaine subjected him to a sentence of five to 30 years.  He was adjudicated a fourth-felony offender and subjected to enhanced penalties, which resulted in a 40-year sentence.  Petitioner argues that he was entitled to have a jury determine his prior convictions.

Habeas relief is available in this context only if the state court's decision of this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The Supreme Court has held as recently as 2007 that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. U.S., 127 S.Ct. 1586, 1600 n.8 (2007) citing Almendarez-Torres v. U.S., 118 S.Ct. 1219 (1998).  See also U.S. v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007) ("this issue no longer serves as a legitimate basis for appeal") and U.S. v. Olalde-Hernandez, 630 F.3d 372, 376-77 (5th Cir. 2011) (same) .  Petitioner is not entitled to relief on this final claim.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus relief be denied.

### Objections

Page 11 of  13

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2016.

Mark L. Hornsby
U.S. Magistrate Judge